Spencer D. Phillips (Bar No. 14401)
EMPLOYER-LAWYER PLLC
3450 N. Triumph Blvd., Suite 102
Lehi, Utah 84043
Telephone: 801.874.4964
E-mail: spencer@employer-lawyer.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LINCOLN DUNN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DATA TECH PROFESSIONALS, LLC, a Utah limited liability company,<br><br>Defendant. | **COMPLAINT**<br><br><br>Case No.: 2:19-cv-00887-DBP<br><br>Magistrate Judge: Dustin B. Pead |

Plaintiff Lincoln Dunn ("Dunn"), by and through his undersigned counsel, brings this Complaint against Defendant Data Tech Professionals, LLC ("Defendant") and hereby complains and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Dunn is an individual residing in Utah County, State of Utah, and at all times relevant to this action was an "employee" of Defendant, as defined in the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. § 203(e)(1).

2. Defendant is a Utah limited liability company, with its principal place of business in Utah County, State of Utah, and at all times relevant herein was Dunn's "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

3. Defendant is an employer engaged in commerce and/or the production of goods for commerce, as those phrases are defined and used in the FLSA.

4. At all times relevant herein, Dunn was a non-exempt employee of Defendant as that term is used in the FLSA.

5. All acts and omissions giving rise to the above-captioned action occurred within the State of Utah.

6. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein, in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b).

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), as the acts and omissions giving rise to this action occurred in the State of Utah.

## FACTUAL ALLEGATIONS

9. Dunn was employed by Defendant between July 2014 and February 2019.

10. Throughout his employment with Defendant, Dunn was a full-time, hourly ("non-exempt") employee.

11. During his employment by Defendant, Dunn regularly worked more than 40 hours per workweek, and earned an hourly wage ranging from $17.00 per hour to $18.50 per hour.

12. During the weeks that Dunn worked more than 40 hours per workweek,

Defendant did not pay Dunn overtime wages as required by the FLSA.

13. Despite a formal, written demand, Defendant has failed and refused to remit the required overtime compensation.

### FIRST CAUSE OF ACTION
### Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207(1), 215(a)(1)

14. The preceding paragraphs are incorporated by reference as if fully set forth herein.

15. At all relevant times herein, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA.

16. Defendant engages in interstate commerce for purposes of the FLSA and, upon information and belief, has experienced annual gross sales in excess of $500,000 at all times relevant to this action.

17. At all relevant times herein, Defendant was, and is responsible for paying wages to Dunn.

18. At all times relevant herein, Dunn was employed by Defendant as an "employee" within the meaning of the FLSA.

19. Under the FLSA, an employer must pay a non-exempt employee at least one and one-half times his regular rate of pay for each hour worked in excess of 40 hours per workweek.

20. Dunn was a non-exempt employee under the FLSA, and was therefore entitled to overtime wages of one and one-half times his regular hourly rate for each hour worked in excess of 40 hours in a workweek.

21. Approximately two years after beginning employment with Defendant, Dunn received email and verbal notice from Defendant that he would no longer receive overtime wages for overtime hours. Instead, Defendant notified Dunn that overtime hours would be

3

converted by Defendant into "bank" hours at the normal rate of pay which Dunn could use as paid time off, coverage for hour shortages, or cash them out as "straight-time" wages.

22. Dunn complained to Defendant that Defendant's refusal to pay overtime wages and the implementation of the "bank" hours program was unlawful and constituted a violation of his rights as an employee.

23. Defendant was fully aware that its refusal to pay overtime wages and its implementation of a prohibited "bank" hours program violated of Dunn's federally-protected rights.

24. Defendant knowingly, willfully, and maliciously violated Dunn's federally-protected rights under the FLSA.

25. Between November 2016 and February 2019, Dunn worked more than 40 hours per workweek at least eighteen (18) times and was entitled to overtime compensation for each of those workweeks.

26. Defendant failed to pay any overtime wages to Dunn for these eighteen (18) workweeks, in violation of the FLSA.

27. On or about February 19, 2019, Dunn complained a second time to Defendant about the company's unlawful failure to pay overtime wages.

28. On or about February 19, 2019, Defendant unlawfully retaliated against Dunn and terminated his employment.

29. Dunn has been damaged by Defendant's failure to compensate him for overtime wages earned during his employment.

30. Defendant owes Dunn the unpaid overtime wages he earned, plus an equal amount as liquidated damages, as mandated by the FLSA.

31. As a result of Defendant's violations of the FLSA, Dunn is entitled to recover all

reasonable attorneys' fees and costs in bringing this action.

32. As a result of Defendant's intentional and willful violations of the overtime provisions of FLSA, Dunn is entitled to awards of pre-judgment interest, post-judgment interest, punitive damages and all other damages recoverable under the provisions of the FLSA.

## SECOND CAUSE OF ACTION
### Wrongful Termination and Retaliation in Violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3)

33. The preceding paragraphs are incorporated by reference as if fully set forth herein.

34. Approximately two years after Dunn began employment with Defendant, Dunn received email and verbal notice that Defendant would no longer be paying overtime wages and that Defendant would instead provide "bank" hours at a normal rate of pay.

35. Dunn complained to Defendant that Defendant's refusal to pay overtime wages and the implementation of "bank" hours was unlawful and constituted a violation of his rights as an employee.

36. Dunn's complaint to Defendant about unlawful practices constituted a 'protected activity' under the FLSA.

37. On or about February 19, 2019, Dunn complained a second time to Defendant about Defendant's unlawful wage practices, including but not limited to Defendant's failure to pay overtime compensation as required by the FLSA.

38. Dunn's complaint to Defendant on or about February 19, 2019 constituted another 'protected activity' under the FLSA.

39. Defendant responded to Dunn's complaint of unlawful behavior by immediately terminating Dunn's employment.

5

40. Defendant's termination of Dunn's employment constituted an 'adverse employment action" under the FLSA.

41. The close temporal proximity between Dunn's engagement in protected activity and Defendant's decision to fire Dunn established the existence of a 'causal connection' between the two events.

42. As a result of Defendant's unlawful retaliation under the FLSA, Dunn is entitled to recover all reasonable attorney's fees and costs in bringing this action.

43. As a result of Defendants intentional and willful violations of the anti-retaliation provisions of FLSA, Dunn is entitled to awards of pre-judgment interest, post-judgement interest, punitive damages and all other damages recoverable under the provisions of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Dunn prays that this Court:

1. Enter judgment in favor of Dunn for unpaid overtime wages in an amount to be proven at trial, but in an amount not less than $2,813.98;

2. Enter judgment in favor of Dunn for liquidated damages in an amount equal to the aggregate underpayment of overtime wages as proven at trial;

3. Enter judgment in favor of Dunn, ordering reimbursement for all costs and expenses incurred in bringing and prosecuting this action, including court costs, and reasonable attorneys' fees;

4. Enter judgment in favor of Dunn for compensatory and punitive damages in an amount to be proven at trial;

5. Enter a judgment awarding pre- and post-judgment interest on all unpaid overtime wages;

6. Award such other relief as the Court deems just and equitable.

6

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial on all causes of action set forth herein.

DATED this 12th day of November 2019.

                                           EMPLOYER-LAWYER, PLLC

                                           */s/ Spencer D. Phillips*
                                           Spencer D. Phillips
                                           *Attorney for Plaintiff*