DYER LAW GROUP PLLC
PHILLIP W. DYER   (4315)
BENJAMIN R. DYER (13691)
*Attorneys for Defendant*
The Langton House
648 East 100 South
Salt Lake City, Utah 84102
(801) 363-5000
*phil@dyerlawgroup.com*
*ben@dyerlawgroup.com*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LINCOLN DUNN and JACOB WARNER, individuals,<br><br>Plaintiff,<br>vs.<br><br>DATA TECH PROFESSIONALS, LLC, a Utah Limited Liability Company,<br><br>Defendant. | **JOINT/STIPULATED MOTION FOR COURT APPROVAL OF SETTLEMENT OF ALL CLAIMS**<br><br><br>Case No. 2:19-CV-00887-dbp<br>Magistrate Judge Dustin B. Pead |

The parties, by and through their undersigned counsel, hereby stipulate and jointly move the Court for its Order Approving Settlement of All Claims. In support of this Motion, the parties' jointly represent to the Court the following:

Both Plaintiffs have asserted claims under the Fair Labor Standards Act and voluntarily and knowingly (with advice of legal counsel) agreed to settle their claims as set forth in a Confidential Settlement Agreement and Complete/General Release of All Claims (the CSA) that has been signed by the parties and counsel. The parties therefore respectfully request the Court to approve their settlement and provide the following information for the Court's consideration and incident to approval of their Settlement. Specifically, the parties' stipulate as follows:

1.  <u>Plaintiff Lincoln Dunn's Claims</u>.  Lincoln Dunn (Dunn) claims that his former

position with Data Tech Professionals, LLC (Data Tech) is a non-exempt position under the FLSA and Dunn claims he has worked an indeterminate number of overtime hours for Data Tech; further, Dunn claims he verbally complained/objected to management of Data Tech that he was not being compensated for overtime pay and Data Tech allegedly wrongfully discharged Dunn in retaliation for his complaint/objection.

2. <u>Plaintiff Jacob Warner's Claims.</u> Warner acknowledges that he has been paid in full for all overtime hours that he accrued but the same were untimely remitted such that he is entitled to liquidated damages to compensate him for the alleged late payments by Data Tech.

3. <u>Data Tech's Defenses</u>. Data Tech expressly relied upon Dunn's request to "bank" any hours so that Dunn would receive consistent paychecks and Dunn is not owed any overtime compensation. Data Tech denies that Dunn objected or complained about not being paid overtime compensation and his employment was terminated for cause. Thus, Dunn's retaliation claims lack any factual basis or merit. Data Tech further disputes and denies that Dunn is entitled to any liquidated or punitive damages and Data Tech is settling this matter to buy peace and avoid expense and cost.

Data Tech disputes that Warner was not timely paid for overtime hours worked and, in fact, allege that Warner was overpaid for his overtime hours such that no liquidated damages are owed. Further, both Dunn and Warner did not check out for mandatory lunch periods and were inappropriately compensated for lunch periods during which they did not perform work or services for Data Tech. Data Tech is entitled to an offset for the improperly claimed lunch work periods by both Dunn and Warner. Data Tech therefore respectfully submits that any sums allegedly owed to either Dunn or Warner are offset by and/or exceed any

amount(s) that might be due and owing to Plaintiffs by Data Tech.

4. <u>Reasonable Attorney's Fees.</u>  The parties have also agreed that Data Tech will pay reasonable attorney's fees and costs to Plaintiffs' counsel in the sum of $■■■■ for the representation of Plaintiff Lincoln Dunn and $■■■■ for the representation of Plaintiff Jacob Warner. Both parties and their counsel respectfully submit that the foregoing fees and costs are reasonable and appropriate in light of the sums being paid by Data tech to the respective Plaintiffs. The foregoing fees and costs shall be remitted in installments as provided in the CSA.

5. <u>Settlement Agreement.</u> In light of the parties' bona fide dispute as to Data Tech's liability for overtime compensation and the disputed amount, if any, of Plaintiffs' Claims, the parties submit that payment of $■■■■ in settlement of Dunn's Claims is fair and equitable and the payment of $■■■■ in settlement of Warner's Claims is also fair and equitable. The foregoing payments are to be remitted on a date and time as provided in the CSA.

Based on the foregoing, Plaintiffs' and Data Tech, by and through their undersigned counsel, respectfully and jointly move the Court for approval of the foregoing settlement between Plaintiffs and Data Tech and have submitted a proposed Order Approving Settlement of All Claims for the Court's consideration.

| Approved as to form: | Approved as to form: |
|---|---|
| EMPLOYER-LAWYER PLLC | DYER LAW GROUP PLLC |
| /s/ Spencer D. Phillips      04/24/2020<br>Spencer D. Phillips           Date<br>A*ttorney for Plaintiffs*<br>*(Signed with permission from*<br>*Spencer Phillips by filing attorney)* | /s/  Phillip W. Dyer           04/24/2020<br>Phillip W. Dyer, Esq.            Date<br>Benjamin R. Dyer, Esq.<br>*Attorneys for Defendant*<br>*(Filing Attorney)* |